Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
roberto@robertorobledo.com

Attorneys for Plaintiffs Corey and Tammy Peters

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Corey Peters and Tammy Peters**, individuals,<br><br>Plaintiff,<br><br>v.<br><br>**Green Tree Servicing, LLC,** a limited liability company<br><br>Defendant. | Case No. ___'14CV1569 CAB WVG___<br><br>**Complaint for Damages**<br><br>Jury Trial Demanded |

### Introduction

1.    Corey Peters and Tammy Peters ("Plaintiffs"), bring this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Green Tree Servicing, LLC ("Defendant"), and their agents with regard to attempts by Defendant, debt collectors, to unlawfully and abusively collect a debt owed by Plaintiffs, causing Plaintiffs damages.

2.    For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## Jurisdiction and Venue

3.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. §227, and 28 U.S.C. § 1367 for pendant state law claims.  Injunctive relief is available pursuant to the TCPA.

4.     This action arises out of Defendant's violations of the following: the Telephone Consumer Protection Act, 47 U.S.C §§ 227 et seq. ("TCPA"); and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("RFDCPA").

5.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that the Plaintiffs reside in this District, Defendants transact business in this District, and the acts giving rise to this action occurred in this District.

## Parties

6.     Plaintiffs are natural persons who reside in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs and are "debtor[s]" as the term is defined by Cal Civ. Code § 1788.2(h).

7.     Defendant is a Delaware limited liability company and operates from an address of 345 Saint Peter Street, St. Paul, Minnesota 55102.

8.     Plaintiffs are informed and believe, and thereon allege, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

## Factual Allegations

9.     At all times relevant, Plaintiffs were individuals residing within the State of California.

10.     Plaintiffs are informed and believe, and thereon allege, that all times relevant, Defendant conducted business in the State of California.

11.     Cal. Civ. Code § 1788.2(d) and § 1788.2(f) define the terms "debt(s)" and "consumer debt" as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person.  On or around June 2007, Plaintiffs who are natural persons, incurred financial obligations in the form of a second mortgage for the approximate amount of $160,000.00, due or owing to Bank of America, NA, account number ending in 2817.  Accordingly, this financial obligation meets the definition of "debt(s)" and "consumer debt" under Cal. Civ. Code § 1788.2(d) and § 1788.2(f).

12.     Cal. Civ. Code § 1788.2(e) sets out the definition of "consumer credit transaction" as the acquisition of property, services or money on credit primarily for personal, family, or household purposes.  The debt incurred by Plaintiffs was for personal, family, or household purposes, more specifically home improvement, meeting the criteria for "consumer credit transaction" under Cal. Civ. Code § 1788.2(e).

13.     On or after June 2007, Defendant commenced their role as a servicer on Bank of America, NA's mortgage with Plaintiffs.

14.     On or around April 2013, Plaintiffs fell behind and defaulted on the debt.

15.     Subsequent to falling behind on payments on the debt, Defendant began their collection attempts.

16.     Between April 13, 2013 and July 29, 2013, Defendant and the collectors employed by Defendant repeatedly and willfully contacted Plaintiffs on their cellular telephones and home telephone in an effort to collect the alleged debt, which were "debt collection[s]" as that term is defined by Cal. Civ. Code § 1788.2(b).

### Telephone Consumer Protection Act

17.   At all times relevant to this Complaint, Plaintiffs were "person[s]" as defined by 47 U.S.C. § 153(39).

18.   At all times relevant to this Complaint, Plaintiffs were and are subscribers to cellular telephone services within the United States and were the intended recipients of the calls they received.

19.   At all times relevant to this Complaint, Plaintiffs' service included two cellular telephones and numbers.  One for each Plaintiff.

20.   At all times relevant to this Complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### Illegal Auto-Dialed Collection Calls

21.   Within four years immediately preceding the filing of this lawsuit, Defendant and its agents called Plaintiffs' cellular telephones on numerous occasions in violation of the TCPA.

22.   The "caller ID" on Plaintiffs' cellular phones indicated that the Defendant made calls to Plaintiffs from various phone numbers, including (714) 361-2603, (714) 361-2605, (909) 944-2480, (909) 579-3394, and (909) 579-3752.

23.   Without the prior express consent from Plaintiffs, Defendant and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiffs cellular telephone in an attempt to collect this debt, more than thirty (30) times.

24.   All calls and messages were sent in willful violation of the TCPA and RFDCPA as Defendant never obtained prior express consent from Plaintiffs, and had no basis to believe that they had prior express consent from Plaintiffs.

25.   Plaintiffs never provided their cellular telephone numbers to Defendant or its collectors.

26.     On several occasions, Plaintiffs answered the calls they received from Defendant.  Plaintiffs heard a long silence before Defendant's agents spoke.

27.     On several occasions, including 4/23/13, 4/29/13, 5/2/13, 5/9/13, 5/11/13, 5/19/13, 5/23/13, 5/28/13, and 5/31/13 Plaintiffs spoke with Defendant and explicitly revoked any permission or consent Defendant may have had to call their cellular telephone numbers by instructing Defendant to stop calling their cellular telephones.

28.     Despite those requests, Defendant continued to call Plaintiffs' cellular telephones using an automated dialer.

### *Rosenthal Fair Debt Collection Practices Act—Illegal Auto-Dialed Collection Calls*

29.     Defendant's engagement in illegal conduct to collect a debt, namely placing calls in violation of the TCPA is unfair and unconscionable and therefore violates 15 USC § 1692f.  In violating 15 USC § 1692f, Defendant's conduct violated Cal. Civ. Code § 1788.17.

30.     The natural consequence of Defendant's illegal and repetitious calls, even after Plaintiff's request that the calls stop, was to harass, oppress, or abuse Plaintiff and therefore violates 15 USC §§ 1692d and 1692d(5).  In violating 15 USC §§ 1692d and 1692d(5), Defendant's conduct violated Cal. Civ. Code § 1788.17.

31.     The illegal and repetitious calls placed by Defendant in attempting to collect a debt were by their very nature unreasonable, unusual, and inconvenient to Plaintiffs in that the calls interrupted them at work, when they were with family, and at social gatherings and therefore violate 15 USC § 1692c(a)(1).  In violating 15 USC § 1692c(a)(1), Defendant's conduct violated Cal. Civ. Code § 1788.17.

*Rosenthal Fair Debt Collection Practices Act—Defendant's Voicemail Messages*
*to Plaintiff*

32.    Plaintiff is informed and believes, and thereon alleges, that Rene Doe is a natural person who was employed at all times relevant herein by Defendant as a collection agent and is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c), but whose true name is unknown.

33.    On or around July 1, 2013, Defendant called Plaintiff and left a voicemail for Plaintiff. That voicemail message is transcribed below in its entirety.

> "Message is for Corey or Tammy Peters.   We need a return phone call immediately at 877 606-7482 that is 877 606-7482. Return this phone call immediately."

34.    On or around July 2, 2013, Defendant called Plaintiff and left a voicemail for Plaintiff. That voicemail is transcribed below in its entirety.

> "Message is for a Tammy or Corey Peters.  This is Rene calling.  We need a return phone call immediately at 877 606-7482.  My extension is 31898.  Return this call as soon as possible."

35.    On or around July 8, 2013, Defendant called Plaintiff and left a voicemail for Plaintiff. That voicemail is transcribed below in its entirety.

> "Message for Tammy or Corey Peters this is Rene calling.  We need a return phone call to 877 606-7482. My extension is 31898.  Return this phone call as soon as possible."

36.    On or around July 16, 2013, Defendant called Plaintiff and left a voicemail for Plaintiff. That voicemail is transcribed below in its entirety.

> "Message for Corey or Tammy Peters.  This is Rene calling we need a return phone call immediately.  Phone

1    number is 877 606-7482 extension 31898.  Return this

2    phone call today."

3    37.    Cal. Civ. Code § 1788.11(b) prohibits the placement of telephone

4   calls without disclosure of the caller's identity.  Similarly, 15 USC § 1692d(6)

5   requires meaningful disclosure of the caller's identity in the placement of a call.

6   In all of the voicemail messages transcribed above, Defendant fails to identify

7   themselves as the caller and in one instance fails to identify Defendant's name and

8   the name of the caller.  Defendant's conduct violates Cal. Civ. Code § 1788.11(b).

9   Similarly, Defendant's conduct violates 15 USC § 1692d(6) and in doing so their

10  conduct violates Cal Civ Code § 1788.17.

11

12                          *Respondeat Superior Liability*

13   38.    The acts and omissions of Rene Doe and other unknown debt

14  collectors employed as agents by Defendant who communicated with Plaintiffs as

15  described in this Complaint, were committed within the time and space limits of

16  their agency relationship with their principal, Defendant.

17   39.    The acts and omissions by Rene Doe and the other unknown debt

18  collectors employed as agents by Defendant, were incidental to, or of the same

19  general nature as the responsibilities that agents were authorized to perform by

20  Defendant in collecting consumer debts.

21   40.    By committing these acts and omissions against Plaintiff, Rene Doe

22  and the other unknown debt collectors employed as agents by Defendant were

23  motivated to benefit their principal, Defendant.

24   41.    Defendant is therefore liable to Plaintiffs through the Doctrine of

25  Respondeat Superior for the intentional and negligent acts, errors, and omissions

26  done in violation of state and federal law by Rene Doe and the other unknown debt

27  collectors employed as agents by Defendant including but not limited to violations

28  of the TCPA and RFDCPA.

1

2                                  *Summary*

3          42.     The collection attempts and communications made to Plaintiffs by

4   Defendant and other collection employees employed by Defendant, violated the

5   TCPA and multiple provisions of the RFDCPA.

6          43.     Defendant's actions constituted unauthorized use of, and interference

7   with Plaintiff's cellular telephone service associated with the number (XXX)

8   XXX-9886 and (XXX) XXX-3240 for which Plaintiffs paid money.

9          44.     Plaintiffs were charged money for each call Defendant made to

10  Plaintiffs' cellular phones.

11         45.     Plaintiffs felt frustrated and helpless as a result of the calls.  The calls

12  disrupted Plaintiffs' daily activities and peaceful enjoyment of their personal lives.

13

14  **First Claim for Relief—Violations of the Telephone Consumer Protection Act**

15                          **47 U.S.C. § 227 et seq.**

16         46.     Plaintiffs incorporate by reference all of the above paragraphs of this

17  Complaint as though fully stated herein.

18         47.     Within a four year period immediately preceding this action,

19  Defendant made numerous calls to Plaintiffs' cellular telephone service using an

20  automatic telephone dialing system in violation of the TCPA, 47 U.S.C. §

21  227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

22         48.     The acts and or omissions of Defendant at all times material and

23  relevant hereto, as described in this Complaint, were done unfairly, unlawfully,

24  intentionally, deceptively, and absent bona fide error, lawful right, legal defense,

25  legal justification or legal excuse.

26         49.     As a causally-direct and legally proximate result of the above

27  violations of the TCPA and the C.F.R., Defendant at all times material and relevant

28  hereto, as described in this Complaint, caused Plaintiffs to sustain damages.

50.     Defendant did not have prior express consent from Plaintiffs to use an automatic telephone dialing system to call Plaintiffs' cellular telephones.

51.     Under 47 U.S.C. § 227(b)(3)(B), Plaintiffs are entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiffs.

52.     Defendant willfully and knowingly violated the TCPA, and as such Plaintiffs are entitled to $1,500.00 per phone call made to Plaintiffs pursuant to 47 U.S.C. § 227(b)(3).

53.     Plaintiffs are entitled to injunctive relief prohibiting Defendant from contacting Plaintiffs on their cellular telephones using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

**Second Claim for Relief—Violations of the Rosenthal Fair Debt Collections Practices Act §§ 1788-1788.32 (RFDCPA)**

54.     Plaintiffs re-allege and incorporate by reference the above paragraphs as though set forth fully herein.

55.     The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

56.     As a result of Defendant's violations of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c); and an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17 from Defendant.

**Third Claim for Relief—Invasion of Privacy by Intrusion Upon Seclusion**

57.     Plaintiffs re-allege and incorporate by reference the above paragraphs as through set forth fully herein.

58.     Plaintiffs had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

59.     Defendant interfered intentionally and/or, negligently, physically or otherwise with the solitude, seclusion, private concerns, and affairs of Plaintiffs, namely, by repeatedly calling Plaintiffs' cell phones and home phones in an effort to collect a debt despite multiple requests by Plaintiffs for the calls to cease. Defendant's conduct invaded Plaintiffs' right to privacy and seclusion.

60.     Defendant's engagement in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

61.     Defendant's conduct impacted Plaintiffs' professional and personal life causing feelings of anger, frustration, helplessness, and stress.

62.     As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

## Prayers for Relief

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant, and Plaintiffs be awarded damages from Defendant, as follows:

### Telephone Consumer Protection Act

1.     an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) from Defendant;

2.     an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) from Defendant;

3.    an injunction prohibiting Defendant from contacting Plaintiffs on their cellular phones using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

### Rosenthal Fair Debt Collection Practices Act

4.    an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

5.    an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

6.    an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant;

7.    an award of remedies arising under 15 USC § 1692k of actual damages, statutory damages of $1,000.00, costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.17, from Defendant.

### Invasion of Privacy by Intrusion Upon Seclusion

8.    for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent invasions of privacy by intrusion upon seclusion in an amount to be determined at trial and for Plaintiffs; and

9.    for such other and further relief as may be just and proper.

### Trial By Jury

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand a trial by jury.

Dated:    June 30, 2014.    Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiffs